JOHN M. RHODES, Respondent, v. A. D. PATTERSON, Appellant.

Where an order of court directed the sheriff to seize certain specific property, and this property proved not to belong to the defendant in the suit, the sheriff was held liable to the owner.

The owner of property has his remedy and the right of recovery, against any one, whether sheriff or not, unless it be held by legal process against himself.

APPEAL from the Sixth Judicial District, Sacramento County. The plaintiff brought this action, to recover of defendant, who was sheriff of Sacramento County, 380 oz. of Henry's Quinine, and filed his affidavit, in substance stating, that he, the plaintiff, is owner of the said quinine, which defendant wrongfully detains; that defendant had taken the same as the property of G. W. Rhodes, by virtue of an order directed to him as sheriff, in a suit pending in the District Court, wherein B. F. Penkham, is plaintiff, and the said G. W. Rhodes, is defendant; that the same was not taken for any tax, &c., under the statute, nor seized in execution or attachment, against the property of the plaintiff.

The plaintiff gave bond and surety for the prosecution of his suit.

The answer of defendant denies the ownership of the plaintiff, and justifies under an order, issued in the suit of Penkham v. George W. Rhodes, requiring him, as sheriff, to take the said goods, and deliver them to the said Penkham, upon receiving from said Penkham, an undertaking, &c., which has been given, &c.; and that he holds the said goods in his custody as sheriff, and under the said order of the court.

The matter was referred; and the referee made a report, in which he distinguishes between an execution issued generally against the property of the defendant, and an order of court directing the seizure of specific property, as in this case. That in the latter case, the officer has no discretion, and could not inquire into the ownership; and, therefore, that in the discharge

of a duty thus imperative, the law ought to protect him; and, therefore, that he was protected in the seizure. But, that after notice by plaintiff, he was bound to proceed no further, without indemnity from Penkham, to whom plaintiff could then have recourse. But as he continues in possession of the property, plaintiff can have recourse to him. And found the value of the property to be $1330; and adjudged that plaintiff is entitled to recover the possession thereof, or if such possession cannot be recovered, then that plaintiff recover of defendant the value, with interest, &c.

Judgment was rendered accordingly, and defendant appealed.

*Latham* and *Alarick*, for appellant.

The action cannot be maintained against the defendant, who held it as sheriff, and by virtue of an order commanding him to take it into his custody. 9 Con. R. 140; 6 Mass. 421; 8 Mass. 246.

A demand and refusal of the property should be shown, to maintain the action. 3 Mass. 288; 12 Wheat. 64; 6 Condensed Rep. 439; 5 Wend. 572.

HEYDENFELDT, Justice, delivered the opinion of the court. MURRAY, Chief Justice, concurred.

The appellant's counsel insists, that holding the property by a seizure, made by virtue of his office as sheriff, the defendant was not liable to be sued for it by another claimant; but the authorities cited will be found to apply to cases of technical replevin. The 2d chapter of the Practice Act very clearly contemplates that there may be more than one claimant to property, and as many suits as there are several claimants. See Laws, 535.

Nor can I conceive upon what sound principle a party should be denied the right of action for his property, and the right of recovery against any one, whether a sheriff or not, unless it be held by legal process against himself.